# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Randall Carpenter<br><br>    Plaintiff,<br><br>v.<br><br>Convergent Outsourcing, Inc.<br><br>    Defendant. | Case No. 1:14-cv-451<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Randall Carpenter, ("Randall"), is a natural person who resided in Middleport, Ohio, at all times relevant to this action.

2. Defendant, Convergent Outsourcing, Inc., ("CO"), is a Washington Corporation that maintained its principal place of business in Renton, Washington, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, CO collected consumer debts.

6. CO regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of CO's revenue is debt collection.

8. CO is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, CO contacted Randall to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Randall is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around February 2014, CO began contacting Randall on Randall's home telephone in connection with the collection of the debt.

13. The calls from CO were automated and asked for a person named Christine Liebert (sic?).

14. Randall does not know Christine Liebert.

15. The automated messages gave Randall the option to speak with a representative, but each time Randall selected the appropriate option, nothing happened.

16. On more than one occasion, Randall, contacted CO and explained CO called the wrong number to reach Christine Liebert. In addition, Randall requested CO cease further calls to Randall.

17. Despite this request, CO contacted Randall on more than one occasion in connection with the collection of the debt.

18. Randall repeatedly contacted CO and requested CO cease further calls to Randall.

19. On at least one occasion, CO told Randall CO had no record Randall previously contacted CO.

20. Randall worked the night shift and the excessive calls from CO interrupted Randall's sleep and affected Randall's job performance.

21. CO caused Randall emotional distress.

22. CO attempted to collect a debt from Randall.

23. CO violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

31. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,


By:  /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip (Ohio Bar Number 0079315)
One of Plaintiff's Attorneys
Hyslip & Taylor, LLC, LPA
917 W. 18th Street, Suite 200
Chicago, IL  60608
Telephone: 312-380-6110
Email: jeffrey@lifetimedebtsolutions.com

May 30, 2014